IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

STEVEN L. ANDERSON, )
)
    Petitioner, )
)
VS. ) No. 05-1167-T-An
)
GLEN TURNER, )
)
    Respondent. )

## ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner has filed a *pro se* petition under 28 U.S.C. § 2254. On October 27, 2005, Petitioner filed a request, i.e., motion, for appointment of counsel and a motion to serve summons. The motion for the appointment of counsel is DENIED. As grounds, Petitioner states that he is unable to afford counsel, the issues in this action are complex, and he has limited access to the law library.

Section 1915(d) of Title 28 provides as follows:

> The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

28 U.S.C. § 1915(d). While a court has a duty to appoint counsel for an indigent criminal defendant in accordance with his constitutional right to counsel, the court in a civil proceeding has only the statutory authority to "request" counsel for a "person unable to

employ counsel." Bunton v. Englemyre, 557 F. Supp. 1, 4 (E.D. Tenn. 1981); see Moss v. Thomas, 299 F.2d 729, 730 (6th Cir. 1962). The court will exercise this statutory power only in exceptional cases. Bunton, 557 F. Supp. at 4. However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977).

A review of the complaint indicates that the case is not so complex that the court should exercise its discretion to appoint counsel at this time. Petitioner appears to understand the facts and applicable law sufficiently to represent himself. Petitioner does not appear to have more exceptional circumstances than other litigants bringing employment actions. See Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (1979). Additionally, Petitioner has filed a detailed motion for appointment of counsel and appears to be capable of representing himself. Because this case is not an exceptional one, the court DENIES the motion for the appointment of counsel.

IT IS SO ORDERED.

*/s/ James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

1 November 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 1:05-CV-01167 was distributed by fax, mail, or direct printing on November 8, 2005 to the parties listed.

Steven L. Anderson
HCCF
230640
PO Box 549
Whiteville, TN 38075--054

Honorable James Todd
US DISTRICT COURT